**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6657

ELBERT SMITH,

        Plaintiff - Appellant,

      v.

SERGEANT MICHAEL PAULEY; CORRECTIONAL OFFICER S. SMITH, Property Officer; CORRECTIONAL OFFICER CUYKINDALL, Property Officer; WARDEN KARL MANIS; MARCUS ELAM, Regional Administrator for the Western Region Office,

        Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Thomas T. Cullen, District Judge.  (7:21-cv-00457-TTC-RSB)

Submitted:  November 29, 2022                                       Decided:  December 14, 2022

Before WILKINSON, KING, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Elbert Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elbert Smith, a Virginia inmate, appeals the district court's order dismissing Smith's 42 U.S.C. § 1983 civil rights action without prejudice for failure to prosecute. Although we express no opinion regarding the merits of Smith's suit, we vacate the dismissal and remand for further proceedings.

Upon receipt of Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss, the district court issued a notice advising Smith of his obligation to respond to the pending dispositive motion. The district court afforded Smith 21 days from the date of that notice to file a responsive pleading. Under Fed. R. Civ. P. 6(d), when a party must act within a specified time after being served, and service is made by mail, the party has an additional three days to act. If the deadline falls on a weekend or holiday, the period extends until the next business day. Fed. R. Civ. P. 6(a)(1)(C). In the case of an unrepresented prisoner, a submission is considered filed on the day the prisoner tenders it to prison officials for mailing to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Here, the district court issued the subject notice on April 7, 2022. Because Smith received the notice by mail, he had 24 days to file a response to the pending dispositive motion. That deadline fell on Sunday, May 1, 2022, extending the response period to the next business day—Monday, May 2, 2022. According to the included certificate of service, Smith tendered his response to prison officials for mailing on May 1, 2022. On May 5, 2022, before receiving the response, the district court entered the order dismissing Smith's action without prejudice for failure to prosecute, citing Smith's failure to respond to Defendants' motion to dismiss.

2

Because the district court dismissed Smith's action before receiving his response, which was timely filed under *Houston*, the district court was obligated to consider it. Accordingly, we vacate the district court's judgment and remand this case for consideration of that response. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*